**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org

Attorneys for Alejandro Galaviz-Moreno

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ALEJANDRO GALAVIZ-MORENO**, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 07CR3273-W <br><br> DATE: January 28, 2008 <br> TIME: 2:00 p.m. <br><br> STATEMENT OF FACTS AND <br> MEMORANDUM OF POINTS AND <br> AUTHORITIES IN SUPPORT OF <br> DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. Mr. Flores-Cardenas does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On November 16, 2007, Mr. Galaviz-Moreno was arrested at the Calexico West Port of Entry. On December 4, 2007, the government filed a two count indictment charging, in count one, a violation of 21 U.S.C. §§ 952 and 960, and in count two, a violation of 21 U.S.C. § 841.

These motions follow.

/ /

/ /

## II.

## **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

At this time, Mr.Galaviz-Moreno has received limited discovery.  Mr.Galaviz-Moreno moves for the production of the following discovery.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies."  See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1)    The Defendant's Statements.  The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant, which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements, which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings, which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)[1].  The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.  Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial."  United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).  **This request includes, but is not limited to, all recorded conversations.**

(2)    Arrest Reports and Notes.  The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records not already produced that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)

---

[1] Of course, any of Mr.Galaviz-Moreno's statements, which are exculpatory, must be produced, as well.  See Brady v. Maryland, 373 U.S. 83 (1963).

1  and Brady v. Maryland.  The government must produce arrest reports, investigators' notes, memos from
2  arresting officers, sworn statements, and prosecution reports pertaining to the defendant.  *See* Fed. R. Crim.
3  P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original
4  notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458
5  (9th Cir. 1987) (reaffirming Harris' holding).

6        (3)    Brady Material.  The defendant requests all documents, statements, agents' reports, and
7  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
8  government's case.  Kyles v. Whitley, 514 U.S. 419 (1995).  Under Brady, Kyles and their progeny,
9  impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.
10 See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).  This
11 includes information obtained from other investigations which exculpates Mr. Galaviz-Moreno.

12       (4)    Any Information That May Result in a Lower Sentence Under The Guidelines.  The
13 government must also produce this information under Brady v. Maryland.  This request includes any
14 cooperation, or attempted cooperation, by the defendant, as well as any information, including that obtained
15 from other investigations or debriefings, that could affect any base offense level or specific offense
16 characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant
17 to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant
18 to any other application of the Guidelines.

19       (5)    The Defendant's Prior Record.  The defendant requests disclosure of his prior record.
20 Fed. R. Crim. P. 16(a)(1)(B).

21       (6)    Any Proposed 404(b) Evidence.  The government must produce evidence of prior similar acts
22 under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request of the
23 accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of
24 any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for
25 which introduction is sought.  This applies not only to evidence which the government may seek to introduce
26 in its case-in-chief, but also to evidence which the government may use as rebuttal.  See United States v.
27 Vega, 188 F.3d 1150 (9th Cir. 1999).  The defendant is entitled to "reasonable notice" so as to "reduce
28 surprise," preclude "trial by ambush" and prevent the "possibility of prejudice."  Id.; United States v. Perez-

1  Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Mr. Galaviz-Moreno requests such reasonable notice at least
2  three weeks before trial, so as to adequately investigate and prepare for trial.
3        (7)    Evidence Seized.  The defendant requests production of evidence seized as a result of any
4  search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).
5        (8)    Request for Preservation of Evidence.  The defendant specifically requests the preservation
6  of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,
7  or care of the government, and which relates to the arrest, or the events leading to the arrest, in this case.  This
8  request includes, but is not limited to, the narcotics evidence, the results of any fingerprint analysis, the
9  vehicle which the defendant was the passenger, the defendant's personal effects, any effects found within the
10 vehicle, any evidence seized from the defendant, or any third party in relation to this case, and all audio or
11 video recordings of Mr. Galaviz-Moreno or any third parties related, directly or indirectly, to this case.
12       (9)    Henthorn Evidence.  Mr. Galaviz-Moreno requests that the Assistant United States Attorney
13 assigned to this case oversee a review of all personnel files of each agent involved in the present case for
14 impeachment material.  Kyles, 514 U.S. at 419; United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991);
15 United States v. Lacy, 896 F. Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation
16 to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment
17 exists.
18       (10)   Tangible Objects.  The defendant requests the opportunity to weigh the narcotics, to inspect
19 and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books,
20 papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the
21 defense, or intended for use in the government's case-in-chief, or were obtained from or belong to the
22 defendant.  Fed. R. Crim. P. 16(a)(1)(C).  Specifically, to the extent they were not already produced, the
23 defendant requests copies of all photographs in the government's possession of the vehicle, the defendants,
24 and any other photos taken in connection with this case.
25       (11)   Expert Witnesses.  The defendant requests the name, qualifications, and a written summary
26 of the testimony of any person that the government intends to call as an expert witness during its case-in-chief.
27 Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum
28 of three weeks prior to trial, so that the defense can properly prepare to address and respond to this testimony,

including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

      (12)    Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

      (13)    Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

      (14)    Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

      (15)    Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

      (16)    Jencks Act Material. The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report, or notes, to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview notes are subject to Jencks Act).

  (17) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

  (18) <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests identification of any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the government in this case.  The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

  Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u> statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for, or requested on the part of the witness at any time.

  (19) <u>Informants and Cooperating Witnesses</u>.  To the extent that there was any informant, or any other tip leading to a TECS hit in this case, the defendant requests disclosure of the names and addresses of all informants, or cooperating witnesses, used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case, or otherwise participated in the crime charged against Mr. Galaviz-Moreno.  The government must disclose the informant's identity and location, as well as the existence of any other percipient witness, unknown or unknowable, to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants, which exculpates, or tends to exculpate, the defendant.

  (20) <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>.  Such

information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Galaviz-Moreno requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(22) <u>Residual Request</u>. Mr. Galaviz-Moreno intends, by this discovery motion, to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Galaviz-Moreno requests that the government provide his attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Galaviz-Moreno and defense counsel have received limited discovery. As new information surfaces due to the government providing discovery in response to these motions, or an order of this Court, defense may find it necessary to file further motions, or to supplement existing motions with additional facts. The denial of this motion will result in a violation, at a minimum, of Mr. Galaviz-Moreno's Fifth and Sixth Amendment rights. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

## IV.

## **CONCLUSION**

For the reasons stated above, Mr.Galaviz-Moreno moves this Court to grant his motions.

Respectfully submitted,

DATED:	January 14, 2008	*/s/ John C. Ellis, Jr.*
	**JOHN C. ELLIS, JR.**
	Federal Defenders of San Diego, Inc.
	Attorneys for Mr. Alejandro Galaviz-Moreno