```
 1  KAREN P. HEWITT
    United States Attorney
 2  PAUL S. COOK
    Assistant U. S. Attorney
 3  California Bar No. 79010
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5687
    pcook@usdoj.gov
 6

 7  Attorneys for the United States of America

 8                    UNITED STATES DISTRICT COURT

 9                   SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,    )   Criminal Case No.  07CR3273-W
11                               )
                   Plaintiff,    )   DATE: JANUARY 28, 2008
12                               )   TIME: 2:00 p.m.
         v.                      )
13                               )
    ALEJANDRO GALAVIZ-MORENO,    )
14                               )   GOVERNMENT'S RESPONSE AND
                                 )   OPPOSITION TO DEFENDANT'S
15                               )   MOTIONS:
                                 )
16             Defendant.        )   (1)  TO COMPEL DISCOVERY;
                                 )   (2)  FOR LEAVE TO FILE FURTHER
17                               )        MOTIONS.
                                 )   TOGETHER WITH STATEMENT OF FACTS,
18                               )   MEMORANDUM OF POINTS AND
                                 )   AUTHORITIES AND GOVERNMENT'S
19                               )   MOTIONS FOR RECIPROCAL DISCOVERY
    _____)
20
```

 The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' Motions: To Compel Discovery and For Leave To File Further Motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

**I**

**STATEMENT OF FACTS**

On Friday, November 16, 2008, at 11:55 a.m., Defendant, a Lawful Permanent Resident, drove his Ford pick-up truck into the United States from Mexico at the Calexico West, California, Port of Entry. Defendant stated that he had owned the truck for approximately two months, although the officer noticed that the vehicle registration indicated he had registered the truck three days prior (11/13/07). Defendant was referred for secondary inspection.  In Secondary, the Defendant told an Officer that he lived in Mexicali, worked as a mechanic, bought the truck one week ago for $5200.00, and was going to put gas in it.  A narcotic detector dog alerted to the front wall of the pick-up's bed.  Defendant was escorted into the office while officers searched the truck.  An x-ray revealed an anomaly in the area where the dog had alerted.   Officers detected fresh, damp bondo holding access plates in place.  Officers removed the plates and discovered 20 packages, weighing approximately 22.16 kilograms, of cocaine inside a non-factory compartment.

ICE agents responded to the Port, searched the truck and at 4:00 p.m. conducted a video-taped interview of the Defendant.  The Defendant requested consular notification, which was done. Defendant was advised of his Miranda rights in Spanish and declined to speak to the Agents.

**II**

**THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH
ITS DISCOVERY OBLIGATIONS**

The United States is aware of its discovery obligations, and will continue to comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules.  The United States has provided Defendant with 69 pages of discovery which includes: agents' reports; photos of the car and drugs; copies of seized items; and Defendant's record (none). The Government will allow Defendant to inspect all tangible objects seized and will provide defendant with a copy of the DEA lab report when it receives it.  The United States will provide Defendant with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court.  The Government is unaware of any such evidence at this time.  Regarding certain specific requests made by the Defendant, the United States responds as follows:

1.   <u>Evidence Seized and Preservation</u>

The Government will preserve all evidence seized from the Defendants, who in turn may make an appointment, at a mutually convenient time, to inspect and photograph the evidence (copies of items seized from the defendants have been provided in discovery). ICE has notified the United States Attorney's Office that it intends to destroy the seized drugs and may administratively forfeit the vehicle.    If Defendants want the entire amount of the seized marijuana preserved for re-testing or re-weighing, the Government

would not oppose a Court Order to this effect, if Defendants seriously contest either the weight or that the substance seized is cocaine, otherwise there is no need to re-weigh or re-analyze.

### 2. Expert Witnesses

The Government will notify Defendant of its expert witnesses, such as the DEA chemist and drug value expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

### 3. Informant Information

The Government, at this time, is unaware of an informants in this case.

### 4. Henthorn Material

The Government will review the requested personnel files of all federal law enforcement individuals who will be called as witnesses in this case for Brady material. The Government will request that counsel for the appropriate federal agency conduct such review. See United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality ..." Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for in camera inspection and review.

### 5. Criminal Investigation of Any Government Witnesses

At this time, the Government is unaware of any criminal involvement by any prospective government witness, or that any witness

1  is under investigation. Defendant's reliance on <u>United States v.</u>
2  <u>Chitty</u>, 760 F.2d 425 (2nd Cir. 1985), in support of these requests is
3  misplaced. In <u>Chitty</u>, the Second Circuit held that such information
4  was discoverable where the Government witness had been told he was
5  under investigation and thus had a motive to testify favorably for the
6  Government. <u>Id.</u> at 428.

7  Although the Government will provide conviction records, if any,
8  which could be used to impeach a witness, the Government is under no
9  obligation to turn over the criminal records of all witnesses. <u>United</u>
10 <u>States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). Disclosure
11 need only extend to witnesses the Government intends to call in its
12 case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir.
13 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

14 The Government will turn over evidence within its possession
15 which could be used to properly impeach a witness who has been called
16 to testify. A defendant is not entitled, however, to any and all
17 evidence that a prospective witness is under investigation by federal,
18 state or local authorities for misconduct.

19    6.   <u>Bias and Prejudice Of Prospective Witnesses</u>

20 The Government is unaware that any information demonstrating that
21 a witness is biased or prejudiced against Defendant.

**III**

<u>LEAVE TO FILE FURTHER MOTIONS</u>

The Government has no objection to this motion.

**IV**

<u>THE GOVERNMENT'S MOTION FOR RECIPROCAL
DISCOVERY SHOULD BE GRANTED</u>

The discovery provided to Defendant, at his request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. <u>See</u> Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendant's. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

**V**

**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

Date: January 22, 2008.

                        Respectfully submitted,

                        KAREN P. HEWITT
                        United States Attorney

                        <u>s/Paul S. Cook</u>
                        PAUL S. COOK
                        Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07cr3273-W |
| Plaintiff, | ) | |
| v. | ) | |
| ALEJANDRO GALAVIZ-MORENO, | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. John C. Ellis, Jr.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2008.

                                        s/Paul S. Cook
                                        PAUL S. COOK