KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  07CR3273-W |
| | ) | |
| Plaintiff, | ) | DATE: JANUARY 28, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | |
| ALEJANDRO GALAVIZ-MORENO, | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS: |
| | ) | |
| Defendant. | ) | (1)  TO COMPEL DISCOVERY; |
| | ) | (2)  FOR LEAVE TO FILE FURTHER |
| | ) | MOTIONS. |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES AND GOVERNMENT'S |
| | ) | MOTIONS FOR RECIPROCAL DISCOVERY |
| _____ | ) | |

        The United States of America, by its counsel, Karen P. Hewitt,

United States Attorney, and Paul S. Cook, Assistant United States

Attorney, hereby responds to and opposes Defendants' Motions: To

Compel Discovery and For Leave To File Further Motions.  This response

and opposition is based upon the files and records of the case,

together with the attached statement of facts and memorandum of points

and authorities.  The Government also hereby files its motion for

reciprocal discovery.

# I

## STATEMENT OF FACTS

On Friday, November 16, 2008, at 11:55 a.m., Defendant, a Lawful Permanent Resident, drove his Ford pick-up truck into the United States from Mexico at the Calexico West, California, Port of Entry. Defendant stated that he had owned the truck for approximately two months, although the officer noticed that the vehicle registration indicated he had registered the truck three days prior (11/13/07). Defendant was referred for secondary inspection. In Secondary, the Defendant told an Officer that he lived in Mexicali, worked as a mechanic, bought the truck one week ago for $5200.00, and was going to put gas in it. A narcotic detector dog alerted to the front wall of the pick-up's bed. Defendant was escorted into the office while officers searched the truck. An x-ray revealed an anomaly in the area where the dog had alerted. Officers detected fresh, damp bondo holding access plates in place. Officers removed the plates and discovered 20 packages, weighing approximately 22.16 kilograms, of cocaine inside a non-factory compartment.

ICE agents responded to the Port, searched the truck and at 4:00 p.m. conducted a video-taped interview of the Defendant. The Defendant requested consular notification, which was done. Defendant was advised of his Miranda rights in Spanish and declined to speak to the Agents.

07cr3273-W

## II

### THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules. The United States has provided Defendant with 69 pages of discovery which includes: agents' reports; photos of the car and drugs; copies of seized items; and Defendant's record (none). The Government will allow Defendant to inspect all tangible objects seized and will provide defendant with a copy of the DEA lab report when it receives it. The United States will provide Defendant with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court. The Government is unaware of any such evidence at this time. Regarding certain specific requests made by the Defendant, the United States responds as follows:

1.  <u>Evidence Seized and Preservation</u>

The Government will preserve all evidence seized from the Defendants, who in turn may make an appointment, at a mutually convenient time, to inspect and photograph the evidence (copies of items seized from the defendants have been provided in discovery). ICE has notified the United States Attorney's Office that it intends to destroy the seized drugs and may administratively forfeit the vehicle. If Defendants want the entire amount of the seized marijuana preserved for re-testing or re-weighing, the Government

3

1  would not oppose a Court Order to this effect, <u>if</u> Defendants seriously
2  contest either the weight or that the substance seized is cocaine,
3  otherwise there is no need to re-weigh or re-analyze.

4      2.    <u>Expert Witnesses</u>

5      The Government will notify Defendant of its expert witnesses,
6  such as the DEA chemist and drug value expert, and will comply with
7  Fed. R. Crim. P. 16(a)(1)(G).

8      3.    <u>Informant Information</u>

9      The Government, at this time, is unaware of an informants in this
10 case.

11     4.    <u>Henthorn Material</u>

12     The Government will review the requested personnel files of all
13 <u>federal</u> law enforcement individuals who will be called as witnesses
14 in this case for <u>Brady</u> material.  The Government will request that
15 counsel for the appropriate federal agency conduct such review. <u>See</u>
16 <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992).

17     Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.
18 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the
19 United States agrees to "disclose information favorable to the defense
20 that meets the appropriate standard of materiality ..." <u>Cadet</u>, 727
21 F.2d at 1467, 1468.  Further, if counsel for the United States is
22 uncertain about the materiality of the information within its
23 possession in such personnel files, the information will be submitted
24 to the Court for <u>in</u> <u>camera</u> inspection and review.

25     5.    <u>Criminal Investigation of Any Government Witnesses</u>

26     At this time, the Government is unaware of any criminal
27 involvement by any prospective government witness, or that any witness

28                                 4                              07cr3273-W

is under investigation.  Defendant's reliance on <u>United States v.</u>
<u>Chitty</u>, 760 F.2d 425 (2nd Cir. 1985), in support of these requests is
misplaced.  In <u>Chitty</u>, the Second Circuit held that such information
was discoverable where the Government witness had been told he was
under investigation and thus had a motive to testify favorably for the
Government.  <u>Id.</u> at 428.

Although the Government will provide conviction records, if any,
which could be used to impeach a witness, the Government is under no
obligation to turn over the criminal records of all witnesses.  <u>United</u>
<u>States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  Disclosure
need only extend to witnesses the Government intends to call in its
case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir.
1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession
which could be used to properly impeach a witness who has been called
to testify.  A defendant is not entitled, however, to any and all
evidence that a prospective witness is under investigation by federal,
state or local authorities for misconduct.

6.    <u>Bias and Prejudice Of Prospective Witnesses</u>

The Government is unaware that any information demonstrating that
a witness is biased or prejudiced against Defendant.

07cr3273-W

### III

### <u>LEAVE TO FILE FURTHER MOTIONS</u>

The Government has no objection to this motion.

### IV

### THE GOVERNMENT'S MOTION FOR RECIPROCAL
### <u>DISCOVERY SHOULD BE GRANTED</u>

The discovery provided to Defendant, at his request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. <u>See</u> Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendant's. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

07cr3273-W

1                                      **V**

2                               **CONCLUSION**

3        For  the  above  stated  reasons,  the  Government  respectfully

4   requests  that  the  Defendant's  motions  be  denied,  except  where

5   unopposed,  and  the  Government's  motion  for  reciprocal  discovery  be

6   granted.

7        Date: January 22, 2008.

8                                          Respectfully submitted,

9                                          KAREN P. HEWITT
                                           United States Attorney
10

11                                         s/Paul S. Cook
                                           PAUL S. COOK
12                                         Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     7                        07cr3273-W

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )    Case No. 07cr3273-W
                             )
                Plaintiff,   )
                             )
          v.                 )
ALEJANDRO GALAVIZ-MORENO,    )    CERTIFICATE OF SERVICE
                             )
                             )
                Defendant.   )
_____ )

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    John C. Ellis, Jr.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2008.

                    s/Paul S. Cook
                    PAUL S. COOK

8                                              07cr3273-W